**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| SOAP AND BUBBLES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>STATE AUTO INSURANCE, ASSOCIATION<br><br>Defendant. | ) | Civil Action No. 26-cv-01301-LKG<br><br>Dated: October 22, 2026 |

**MEMORANDUM OPINION**

## I. INTRODUCTION

In this insurance coverage action, the Plaintiff, Soap and Bubbles, Inc., brings claims for bad faith and breach of contract against the Defendant, State Auto Insurance Association ("State Auto"), arising from State Auto's decision not to pay an insurance claim following a burglary at the Plaintiff's place of business. *See generally* ECF No. 3. State Auto has moved to dismiss Count I of the complaint, pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 7. The motion is fully briefed. ECF Nos. 7, 11 and 12. No hearing is necessary to resolve the motion. *See* L.R. 105.6 (D. Md. 2025). For the reasons that follow, the Court: (1) **GRANTS** the Defendant's partial motion to dismiss (ECF No. 7) and (2) **DISMISSES** Count I of the complaint.

## II. FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. Factual Background

In this insurance coverage action, the Plaintiff brings claims for bad faith and breach of contract against State Auto, arising from State Auto's decision not to pay an insurance claim following a burglary at the Plaintiff's place of business. *See generally* ECF No. 3. Specifically, the Plaintiff asserts the following claims against State Auto in the complaint: (1) bad faith insurance claim (Count I) and (2) breach of contract (Count II). *Id.* at ¶¶ 9-16. As

[1] The facts recited in this Memorandum Opinion are taken from the complaint; State Auto's motion to dismiss and memorandum in support thereof; the Plaintiff's response in opposition to State Auto's motion; and State Auto's reply brief. ECF Nos. 3, 7, 7-1, 11 and 12.

relief, the Plaintiff seeks, among other things, to recover monetary damages from State Auto. *Id.* at 3-4.

The Parties

Plaintiff Soap and Bubbles, Inc. is a Maryland corporation. *Id.* at ¶ 1.

Defendant State Auto Insurance Association is a corporation chartered in Indiana, with its principal place of business located in Indiana. *Id.* at ¶ 2.

Background

As background, the Plaintiff operates a laundromat (the "Laundromat") located at 13318 Laurel Bowie Road in Laurel, Maryland. *Id.* at ¶ 1. The Plaintiff and State Auto are parties to an insurance contract that covers, among other things, fire, business losses and theft at the Laundromat. *Id.* at ¶¶ 7 and 10.

On the evening of May 22, 2025, burglars gained access to the Laundromat, by breaking the glass of the storefront, and the burglars stole various items, including cash and boxes of laundromat coins. *Id.* at ¶ 5. The Plaintiff alleges that the losses resulting from this burglary total $42,890.00. *Id.* The Plaintiff also alleges that it suffered additional losses, because the Laundromat was vandalized and the Plaintiff had to temporarily close the business following the burglary. *Id.* at ¶ 6.

The Plaintiff alleges that, after the burglary, it approached State Auto and requested that the insurance company assess the loss at the Laundromat and compensate the Plaintiff. *Id.* at ¶ 7. But the Plaintiff alleges that State Auto refused to provide compensation for its losses under the terms of the insurance policy. *Id.* at ¶ 8.

Given this, the Plaintiff contends that State Auto acted in bad faith and breached the insurance policy, by failing to compensate the Plaintiff for its losses resulting from the burglary. *Id.* at ¶¶ 9-16. And so, the Plaintiff seeks to recover monetary damages from State Auto. *Id.* at 3-4.

The Plaintiff's Claims

In the complaint, the Plaintiff asserts the following claims against State Auto: (1) bad faith insurance claim (Count I) and (2) breach of contract (Count II). *Id.* at ¶¶ 9-16. Specifically, in Count I of the complaint, the Plaintiff asserts a "bad faith insurance claim" and the Plaintiff alleges that: (1) it had an insurance policy with State Auto that covered, among other things, theft that was in effect on the date of the burglary; (2) State Auto has not compensated the Plaintiff for its losses from the burglary, as contemplated in the insurance agreement; and (3) State Auto acted in bad faith by failing to properly adjust the loss, consider the Plaintiff's damages, and pay the loss adequately, thereby delaying the resolution

of the its claims without justification. *Id.* at ¶¶ 9-13. And so, the Plaintiff seeks to recover monetary damages from the State Auto. *Id.* at 3.

In Count II of the complaint, the Plaintiff alleges that State Auto materially breached the insurance policy, by failing to compensate the Plaintiff for its losses from the burglary. *Id.* at ¶¶ 14-16. And so, the Plaintiff also seeks to recover monetary damages from State Auto for this claim. *Id.* at 4.

### B. Procedural Background

The Plaintiff commenced this civil action in the Circuit Court for Prince George's County, Maryland on February 18, 2026, and State Auto removed the case to this Court on April 2, 2026. ECF No. 1. On April 7, 2026, State Auto filed a partial motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), and a memorandum in support thereof. ECF Nos. 7 and 7-1.

On April 16, 2026, the Plaintiff filed a response in opposition to State Auto's partial motion to dismiss. ECF No. 11. On April 30, 2026, State Auto filed a reply brief. ECF No. 12.

State Auto's partial motion to dismiss having been fully briefed, the Court resolves the pending motion.

## III. LEGAL STANDARDS

### A. Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

When evaluating the sufficiency of the plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted). But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." *Nemet Chevrolet, Ltd.*, 591 F.3d at 255. And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Priv.*

*Placement Partners II, L.P. v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989)).

### B. Insurance Claims Under Maryland Law

Under Maryland law, an insured seeking the payment of first-party benefits cannot pursue a tort claim for bad faith, based on an insurer's failure to pay a claim. *Harris v. Keystone Ins. Co.*, No. 13-2839, 2013 WL 6198160, at *2 (D. Md. Nov. 26, 2013); *see also Snyder v. Chester Cnty. Mut. Ins. Co.*, 264 F. Supp. 2d 332, 340 (D. Md. 2003); *McCauley v. Suls*, 716 A.2d 1129, 1134 (1998); *Johnson v. Fed. Kemper Ins. Co.*, 536 A.2d 1211, 1213 (1988). Rather, an insured claiming that an insurer has failed to pay first-party benefits may pursue a claim for breach of contract remedies. *See Jones v. Hyatt Ins. Agency, Inc.*, 741 A.2d 1099, 1107–08 (1999) (stating that the duty owed by an insurer who "mistakenly denies coverage ... to the insured" is "entirely contractual").

Maryland law does, however, provide a statutory cause of action for an insurance company's failure to act in good faith in denying insurance coverage. *See* Md. Code Ann., Ins. § 27-1001; Md. Code Ann., Cts. & Jud. Proc. § 3-1701. But, it is well-established that a cause of action for failure to act in good faith is not the same claim as a cause of action for bad faith. *See Cecilia Schwaber Tr. Two v. Hartford Acc. & Indem. Co.*, 636 F. Supp. 2d 481, 486-87 (D. Md. 2009) (collecting Maryland cases finding the same).

## IV. ANALYSIS

State Auto has moved to dismiss the Plaintiff's "bad faith insurance claim" in Count I of the complaint, pursuant to Fed. R. Civ. P. 12(b)(6), upon the grounds that: (1) Maryland law does not recognize the tort of bad faith for first party insurance claims and (2) even if Maryland law did recognize this tort, the Plaintiff failed to first adjudicate this claim before the Maryland Insurance Administration ("MIA"). ECF No. 7-1 at 4-5; ECF No. 12 at 2-4. And so, State Auto requests that the Court dismiss Count I of the complaint. ECF No. 7 at 1; ECF No. 12 at 4.

In its response in opposition to State Auto's partial motion to dismiss, the Plaintiff counters that the Court should not dismiss its "bad faith insurance claim," because: (1) Maryland law recognizes first party bad faith insurance claims and (2) there is no obligation to first adjudicate this claim before the MIA. ECF No. 11 at 3-4. And so, the Plaintiff requests that the Court deny State Auto's partial motion to dismiss. *Id.* at 5.

For the reasons that follow, a careful reading of the complaint makes clear that the Plaintiff fails to state a plausible claim for bad faith against State Auto, because Maryland law does not recognize the tort of bad faith with regards to first party insurance claims. And so,

the Court: (1) GRANTS the Defendant's partial motion to dismiss (ECF No. 7) and (2) DISMISSES Count I of the complaint.

**A. The Plaintiff Fails To State A Bad Faith Claim**

As an initial matter, State Auto argues with persuasion that the Court should dismiss the Plaintiff's "bad faith insurance claim" in Count I of the complaint, because this claim is not cognizable under Maryland law. As this Court has previously held, Maryland law provides that an insured seeking the payment of first-party benefits cannot pursue a tort claim for bad faith against the insurer, based on the insurer's failure to pay a claim. *Harris v. Keystone Ins. Co.*, No. 13-2839, 2013 WL 6198160, at *2 (D. Md. Nov. 26, 2013) (holding that the insured party seeking payment of first-party benefits could not pursue a tort claim for bad faith against the insurer based on the insurer's failure to pay under the insurance policy); *see also Snyder v. Chester Cnty. Mut. Ins. Co.*, 264 F. Supp. 2d 332, 340 (D. Md. 2003); *McCauley v. Suls*, 716 A.2d 1129, 1134 (1998); *Johnson v. Fed. Kemper Ins. Co.*, 536 A.2d 1211, 1213 (1988). But the complaint makes clear that this is precisely the type of claim that the Plaintiff seeks to bring against State Auto in Count I of the complaint.

Notably, the Plaintiff asserts a "bad faith insurance claim" against State Auto arising from State Auto's alleged "fail[ure] to adjust the loss" and provide compensation under the insurance policy at issue in this case. ECF No. 3 at ¶¶ 9-13. Given this, the factual allegations in the complaint make clear that the Plaintiff seeks to bring a tort claim for bad faith against State Auto, for the insurance company's failure to provide compensation to the Plaintiff under the insurance policy. *Id.* at ¶¶ 7-13. Because Maryland does not recognize such a tort claim, and provides that the Plaintiff's remedy is contractual in nature, the Plaintiff fails to state a plausible claim against State Auto in Count I of the complaint. *Harris*, 2013 WL 6198160, at *2; *Jones v. Hyatt Ins. Agency, Inc.*, 741 A.2d 1099, 1107–08 (1999).[2] And so, the Court must GRANT State Auto's partial motion to dismiss and DISMISSES Count I of the complaint.[3] Fed. R. Civ. P. 12(b)(6).

---

[2] The Plaintiff's argument that its bad faith claim is plausible, because Maryland law recognizes a cause of action for lack of good faith based on first-party claims brought under property and casualty insurance policies, is also unpersuasive. ECF No. 7-1 at 2-5; *see also* Md. Code Ann., Ins. § 27-1001; Md. Code Ann., Cts. & Jud. Proc. § 3-1701. It is well-established that the statutory claim for lack of good faith under Maryland law is not the same as a claim for bad faith. *See Cecilia Schwaber Tr. Two v. Hartford Acc. & Indem. Co.*, 636 F. Supp. 2d 481, 486-87 (D. Md. 2009) (collecting Maryland cases finding the same). Given this the Plaintiff cannot rely upon Md. Code Ann., Cts. & Jud. Proc. § 3-1701 to revive its bad faith claim in this case.

[3] Because the Court concludes that the Plaintiff fails to state a claim for bad faith against State Auto, the Court does not reach the issue of whether the Plaintiff is required to first pursue a bad faith claim before the MIA.

## V. CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** the Defendant's partial motion to dismiss (ECF No. 7); and

(2) **DISMISSES** Count I of the complaint.

A separate Order shall issue.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge